Francis J. Donovan, J.
This is a postconviction hearing held pursuant to section 208 of the Mental Hygiene Law on defendant’s denial of addiction to a narcotic drug.
Defendant was examined by the jail physician on January 16, 1969. The physician executed the following certificate on the regular form provided by the Narcotic Addiction Control Commission : ‘1 Pursuant to the Order of Judge Morrison to perform a medical examination to determine addiction, I have personally observed and examined the above-named alleged narcotic addict on the 16 day of January 1969 at the above named facility, designated for such purpose by the Narcotic Addiction Control Commission, and made the attached report. I have also examined the report of .the interviewer, Mr. Narlesky, the Petition or Officer’s report, and/or appended papers, and as a .result of such examination, I find insufficient evidence upon which to certify that the said Albert F. Boss is a narcotic addict, within the meaning of such term, as defined by 201 of the Mental Hygiene Law.”
Annexed to the certificate was a form setting forth the following facts: “ Used heroin toy vein three times daily for five years. Last fix of heroin April 1968. Has pigmented scarred tracks both arms.”
Upon the hearing the jail physician stated his opinion to be that defendant was not addicted at the time of the examination as the term addiction is defined in section 201 of the Mental Hygiene Law.
There was .received in evidence a record from Pilgrim State Hospital. This record set forth the following pertinent facts:
Defendant was admitted to Pilgrim State March 8,1966. Diagnosis: Drug Addiction — Heroin. Arrested four times with three convictions including charges of petty larceny and possession of narcotics. Used heroin since 1957. Beleased on convalescent care June 7, 1966.
His .subsequent police record shows a conviction for criminal possession of narcotics on November 20, 1967 on an arrest August 9, 1967, and a similar conviction on November 27, 1967 based on an arrest on October 23,1967.
There is no doubt that defendant has been addicted to heroin in the past. The only issue on present addiction is raised by the opinion of the jail physician. On inquiry by the court to state his prognosis in simple terms without employing the statutory definition, the jail physician stated that he felt that defendant was more prone to use heroin than one who did not have a past history of such use and that defendant might resort to such use *1029 immediately on release from custody, or a week or a month later or even more, or not at all.
It seems clear that the Legislature has not delegated to a medical doctor the ultimate determination of addiction. Under the statute that is a judicial determination.
Whether a person with a history of long continued use of heroin is in imminent danger of becoming dependent on heroin seems to be a question whose answer is beyond the competence of medical science alone when the person has been maintained in a controlled environment where the drug is not available.
The behavior of such a person after release in an uncontrolled environment is unpredictable. The jail physician here could make no such prediction.
The physician at Pilgrim State Hospital could make no such prediction. He stated in the memorandum dated June 3, 1966: “ The staff feels that due to this patient’s limited intellectual resources,, his drug history of nine years and lack of any employment skills or present plans, prognosis is poor.”
There seems to have been an understanding on the part of defense counsel that the formal certificate amounted to a finding of nonaddiction binding on the court. A close reading of the form demonstrates that it is merely a statement of no opinion because of insufficient evidence.
The best way to predict the future for this defendant is by examining his past.
He has a solid history of long continued use of heroin accompanied by the usual stealing to support Ms addiction.
After therapy at Pilgrim State Hospital he went right back to the use of heroin.
It has been demonstrated by a fair preponderance of the credible evidence that defendant is in imminent danger of becoming dependent upon heroin. He is therefore addicted as that term is defined in the statute.
Defendant will be .remanded to the care and custody of the Narcotic Addiction Control Commission.